978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marlene R. FUENTES, Defendant-Appellant.
 No. 92-3041.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1992.
 
 Before LOGAN, HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Marlene Fuentes appeals her conviction by a jury for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). She makes the following contentions on appeal: (1) that the trial court improperly permitted a lay witness to testify that a white powder she observed was cocaine; (2) that defendant's right to a speedy trial was violated; and (3) that the evidence was insufficient to support her convictions.
 
 
 3
 Defendant's first issue on appeal concerns testimony received during the prosecution's case from Jean House, a former reserve police officer in Topeka, Kansas. We review the district court's admission of this testimony under an abuse of discretion standard. United States v. Record, 873 F.2d 1363, 1373 (10th Cir.1989). House was acquainted with both defendant and her son Jorge Fuentes, who was charged as one of her coconspirators. On Memorial Day 1990, at a residence shared by those individuals and others, House observed what she believed "to be a little bowl of cocaine" and what she "thought to be cocaine." VR. 530. House also testified she observed defendant appear to "do a line of cocaine off of her fingernail." Id. at 531. House further testified she formed this belief because Jana Boyle, a mutual friend of House and Jorge Fuentes, obtained cocaine from him. Within a week or two thereafter, House reported her observations to Detective Randy Listrom, including that she had observed Fuentes give Boyle cocaine.
 
 
 4
 We agree with the district court that House's testimony was admissible under Fed.R.Evid. 701. The opinion was rationally based upon her perceptions and knowledge, and helpful to the jury's understanding of her testimony. House consistently qualified her statements as to the identity of the white powder she observed in defendant's bedroom, by stating it was her "thought" or "belief." Defense counsel took full advantage of the opportunity to cross-examine House regarding the factual basis for her opinion.
 
 
 5
 Defendant next contends that her right to a speedy trial was violated. Defendant and four alleged coconspirators were originally arrested and charged in a Kansas state court with possession of cocaine and failure to pay the drug tax. Before trial, however, a federal grand jury returned an indictment on the federal charges of which defendant was ultimately convicted. The Kansas state criminal charges were then dismissed.
 
 
 6
 The dual sovereignty doctrine permits separate prosecutions at both the state and federal level for activities identified as crimes by each. Abbate v. United States, 359 U.S. 187 (1959); Bartkus v. Illinois, 359 U.S. 121 (1959). When a federal prosecution follows state criminal charges, defendant's rights under the Speedy Trial Act generally do not attach until federal charges are filed. To avoid application of the dual sovereignty doctrine, a defendant must prove that one sovereign so dominated the actions of the other that the latter was not acting independently. United States v. Raymer, 941 F.2d 1031, 1037 (10th Cir.1991).
 
 
 7
 The record of the instant case does not reflect that the state prosecution was a sham, or that the Kansas law enforcement officials were acting as a holding agent for the federal government, as defendant has alleged. The defendant must prove that the choice of forum was improperly motivated or that it was based on impermissible classifications. See United States v. Morehead, 959 F.2d 1489, 1498-99 (10th Cir.1992). There is no such evidence here, and in its absence we conclude defendant's rights under the Speedy Trial Act were not violated.
 
 
 8
 Finally, defendant argues that the evidence is insufficient to uphold the guilty verdicts. We are required to view the evidence most favorably to the prosecution and determine whether a reasonable jury could conclude defendant was guilty beyond a reasonable doubt. United States v. Richard, 969 F.2d 849, 856 (10th Cir.1992).
 
 
 9
 The record contains ample evidence that defendant willingly participated with her son and coconspirator Perry Sublett in the schemes and possessions with intent to distribute cocaine during the times alleged in the indictment. The evidence is overwhelming that she knew and understood the purpose of the conspiracy, and that the coconspirators' roles were interdependent. United States v. Dickey, 736 F.2d 571, 581-83 (10th Cir.1984), cert. denied, 469 U.S. 1188 (1985).
 
 
 10
 Four prosecution witnesses, Julie Fairchild, Lori Maloney, Perry Sublett, and Michelle Williams, testified regarding the existence of a conspiracy among the indicted individuals, including defendant's specific role. Fairchild testified regarding defendant's admissions of participation in the conspiracy to distribute cocaine, V R. 433, Sublett's joining the conspiracy, id. at 408, defendant's control of the funds of the operation and, along with Sublett and Fuentes, the cocaine supply. Id. at 436, 438. Maloney addressed specific details of the illicit cocaine operation. She testified that defendant controlled the cocaine and money, id. at 474, 482, that defendant weighed, cut and repackaged the cocaine for distribution, id. at 476, 485, that deliveries arrived at two week intervals, id. at 479, and that defendant was "the boss," id. at 493. Sublett, a coconspirator, testified that cocaine was the primary source of income for the group of individuals affiliated in the conspiracy, id. at 560, that defendant controlled travel plans and went on trips to sell cocaine, id. at 566, 574, and controlled the money for the operation, id. at 585. Williams' stated that defendant stayed at Williams' motel with the other coconspirators and was the one who paid the bills. IV R. 180-81. This is only a partial review of the pertinent evidence that would convince a reasonable jury to find defendant guilty. The evidence was more than sufficient to uphold the verdicts.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3